UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>TISHA GIRTZ,<br><br>                Defendant. | Case No. CR20-197 RAJ<br><br>ORDER |

## I.    INTRODUCTION

This matter is before the Court on Defendant Girtz's motion to modify her conditions of release to allow communication with her fiancé Lee Wallette. (Mot. (Dkt. # 83).) The government opposes Defendant's motion. (Dkt. # 89.) Having considered the parties' arguments, submissions, the balance of the record, and the governing law, the Court DENIES Defendant's motion.

## II.    BACKGROUND

The government alleges Defendant and co-defendants worked together to distribute methamphetamine, heroin, and fentanyl. (Dkt. # 89 at 1.) Defendant was arrested on December 2, 2020. (Dkt. # 46.) Defendant is charged with Conspiracy to Distribute controlled substances in

ORDER - 1

violation of 21 U.S.C. § 841(a)(1) and § 846 and two counts of Possession of Methamphetamine and Fentanyl with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Dkt. # 1.)

The Court held a detention hearing on December 2, 2020 and released Defendant on an appearance bond. (Dkt. ## 46, 47.) One of the bond conditions required Defendant to not have "direct contact or indirect contact with any existing and/or future co-defendant(s) in this case, including Lee Wallette." (Dkt. # 47 at 1.) Mr. Wallette is Defendant's fiancé and is currently in custody at the Federal Detention Center ("FDC"). Defendant's instant motion requests she have communication with Mr. Wallette and keep him updated on her son T.F.'s well-being. (Mot. at 2.) Defendant asserts Mr. Wallette lived with her and T.F. for a year before being arrested and often helped with parenting duties. (*Id.*) Defendant asserts T.F. was inconsolable when Mr. Wallette was arrested and repeatedly asks to speak with him. (*Id.*) Defendant asserts that because all communication with Mr. Wallette at the FDC is monitored, any potential concern for witness tampering or additional criminal activity would be discovered. (*Id.*)

### III.   DISCUSSION

The Court finds modification of Defendant's bond to allow for communication with Mr. Wallette unwarranted at this time. The Court initially found Defendant is a risk of nonappearance based on her history of failing to appear, an outstanding warrant, substance abuse issues, and violation history. The Court also found Defendant is a risk of danger based on the nature of the instant offense, substance issues, and prior criminal history. The conditions the Court previously imposed reasonably assured future appearances and addressed danger to other persons or the community. Since the detention hearing, Defendant has not complied with her conditions of

ORDER - 2

supervision. Specifically, Defendant was required to comply with her location monitoring program and failed to submit a facial recognition check in via the Smartlink application.

Because Ms. Girtz has failed to comply with her bond conditions, the Court declines to modify Defendant's bond conditions to allow Defendant to communicate with Mr. Wallette. The Court notes there is no bond condition prohibiting T.F. from communicating with Mr. Wallette, so long as it is facilitated by someone other than Defendant.

### IV.   CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion (dkt. # 83.) The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 25th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3