Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>TISHA MARIE GIRTZ,<br><br>                Defendant. | No. 2:20-cr-00197-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR REDUCED SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 |

THIS MATTER comes before the Court on Defendant Tisha Girtz's motion for a reduced sentence under 18 U.S.C. § 3582 (c)(2) and Amendment 821, Part A (Status Points) to the Sentencing Guidelines. Dkt. 441. The defendant is proceeding pro se. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained below.

## I.     BACKGROUND

Ms. Girtz is an inmate currently detained at Federal Correctional Institution Phoenix Satellite Camp, in Arizona, with a projected release date in August, 2024. The government's response (Dkt. 456) accurately explains the charge to which the defendant pled guilty, her criminal history and Guideline calculations as determined by this Court. For ease of reference, the Court will not restate or contradict the accuracy of what the government has represented.

## II. DISCUSSION

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States,* 560 U.S. 817, 819 (2019) (quoting 18 U.S.C. § 3582(c).

A District Court, pursuant to 18 U.S.C. § 3582(c)(2), has authority to reduce a defendant's sentence under certain limited circumstances, namely:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, is such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In recent amendments to the Guidelines, which became effective November 1, 2023, the Sentencing Commission adopted two changes to the Chapter Four criminal history rules. As noted by the defendant, the first eliminated the use of "status points" for offenders with less serious criminal histories, *i.e.*, six or fewer criminal history points. The second created a new Chapter Four guideline, which provides a decrease of two (2) from the offense level for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve certain prescribed criteria.

The defendant asserts that under the new amendment by the United States Sentencing Guidelines Commission, made retroactive, she qualifies for a sentence reduction based on the fact that "status points" will no longer apply to offenders with lesser criminal histories. She contends she had six (6) or fewer criminal history points, pursuant to the new amendment effective November 1, 2023 and retroactive effective February 1, 2024. Dkt. 441, at 2. Based upon this amendment, the defendant asserts that she is entitled to a "status point" reduction on her sentence under the new provision made by the U.S.S.G. considering that she was under a state criminal justice sentence to run concurrent with her federal sentence. Dkt. 441, at 2.

Under her theory, she is entitled to have her sentence reduced by two (2) levels from the Sentencing Guidelines.

The defendant is mistaken, and her analysis is flawed. She is not eligible for a reduction in sentence because her applicable sentencing range is not altered by Part A to Amendment 821 of the Sentencing Commission "status points" revision regarding criminal history.

The Court agrees with the government. The defendant was not awarded any status points for being under a criminal justice sentence at the time of the offense. *See* PSR ¶ 44. Each of her criminal history points (PSR ¶¶ 37-43) was awarded directly pursuant to USSG § 4A1.1(c) for the fact of conviction, and not for being "under a criminal justice sentence" at the time she committed the instant offense as required for an award of status points. *See* USSG § 4A1.1(d) (2018 Ed.).

The defendant did not earn any status points. The revision to status points awards is not applicable to her and it does not lower her criminal history points total. Nor does it affect her criminal history category, or her sentencing range.

Amendment 821 does not reduce the defendant's sentencing range.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion (Dkt. 441) is **DENIED.**

DATED this 1st day of March, 2024.

The Honorable Richard A. Jones
United States District Judge